BEFORE THE FIRST DIVISION, DECEMBER 2, 1955

**No. 59520.**—Colin M. Pence *v.* United States, petitions 6956–R and 6957–R (Indianapolis).

OLIVER, Chief Judge: The provisions of section 489 of the Tariff Act of 1930 are invoked in this case to obtain remission of additional duties accruing by reason of the final appraised value exceeding the entered value of certain chemical products exported from Leghorn, Italy, and entered at the port of Indianapolis, Ind.

The two petitions involved herein have been submitted for decision on a written stipulation, reading as follows:

It is stipulated and agreed by the undersigned that Colin M. Pence, petitioner herein, would testify as follows in the above petitions for remission:

1. That the merchandise involved in each entry consisted of 50 kilos of asparagin natural pure crystals purchased on order for $23.00 per kilo f. o. b. Leghorn, Italy. Payment was made in each entry in the sum of $1155.00.

2. That the consular invoice and a submission sheet in entry #335 of February 7, 1951 were forwarded to the Appraiser of Merchandise at Indianapolis, Ind., on January 25, 1951. The submission sheet was returned by the Appraiser with the following notation:

> No information. Contact shipper reference value. Price of $23.00 per kilo, as invoiced, seems low in view of last previous price of $19.00 per lb. (1950). Home consumption value in Lire should be shown on consular invoice. Please obtain and submit to this office. B. H. 1/31/51.

The entry covering this shipment had been prepared to show the entered value as invoiced at U. S. $23.00 per kilo. On receipt of the above-quoted information from the appraiser, a cablegram was dispatched to the shipper in Italy requesting the home consumption value of the 50 kilos of Asparagin crystals involved in this transaction. On February 12, 1951, a cablegram was received from the shipper in Lucca, Italy, reading as follows:

> Price 50 Kilos Asbaragin Home Consumption
> Value US Dollars Twenty Kilo

After receipt of this cablegram, consumption entry #335 was amended to show an entered value of U. S. $20.00 per kilo. This amended entry was accepted on February 14, 1951.

3. That in so amending the above entry, #335, he assumed when advised by the appraiser to secure the home consumption value that such value was the proper dutiable value.

4. That the consular invoice and a submission sheet in entry #396 of March 29, 1951 were submitted to the Appraiser who, on March 23, 1951 advised:

> No request for information necessary on this, since value and terms are shown same as on last previous shipment from same manufacturer.

5. That Petitioner entered at U. S. $20.00 per kilo still believing that the home consumption value was the proper dutiable value and prepared entry #396 to show such value as the entered value.

6. That the merchandise in each case was appraised at $23.00 per kilo* on the basis of an export value.

7. That in making entry at a value lower than the appraised value, Petitioner was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the Appraiser as to the value of the merchandise.

That these petitions may be submitted for decision upon the foregoing stipulation.

*Net, packed, less non-dutiable charges, plus 3% tax (appraised on Aug. 6, 1951).

The agreed facts are sufficient to establish that the entry of the merchandise at a less value than that found by the appraiser was without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petitions are granted and judgment will be rendered accordingly.

NOVEMBER 28, 1955